IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VIKING INSURANCE CO. OF
WISCONSIN, a Wisconsin corporation,

                Plaintiff,

    v.

TANNER CRANE-BEHYMER, an
individual, MATTHEW KUPER, an
individual, BRANDON VICTOR, an
individual, DARRELL WITT, an individual,
and ROOT INSURANCE CO., an Ohio
corporation,

                Defendants.

No. 3:21-cv-00249-HZ

OPINION & ORDER

Eric Scott DeFreest
George A. Burgott
Luvaas Cobb
777 High St.
Suite 300
Eugene, OR 97401
(541) 484-9292

    Attorneys for Plaintiff

1 – OPINION & ORDER

Jennifer L. Crow
Scheer.Law PLLC
715 SW Morrison St.
Portland, OR 98121
(206) 800-4070

      Attorney for Defendant Root Insurance Co.

HERNÁNDEZ, District Judge:

## BACKGROUND

      In spring 2020, Defendant Tanner Crane-Behymer crashed a truck, owned by Defendant Darrell Witt, into a vehicle transporting Defendants Matthew Kuper and Brandon Victor, injuring them both. Kuper and Victor sued Crane-Behymer for damages in Multnomah County Circuit Court. *See Kuper v. Root Insurance Company, Crane-Behymer*, Multnomah County Circuit Court No. 20CV24475 ("underlying lawsuit"). Facing liability, Defendant Crane-Behymer sought coverage under Witt's Viking Insurance policy. In response, Plaintiff Viking Insurance filed suit in this Court, seeking a declaratory judgment that Defendant Witt's insurance policy does not require Viking to defend Defendant Crane-Behymer in the underlying litigation or indemnify him for any damages awarded therein. Viking named Crane-Behymer, Kuper, Victor, Witt, and Root Insurance Co. as defendants.[1]

      Six months ago, the Court entered orders of default against Defendants Crane-Behymer, Kuper, Victor, and Witt (collectively, the "defaulted defendants") for failing to timely appear or otherwise defend this action. ECF 34–37. Defendant Root Insurance, on the other hand, did appear and has defended this action.

---

[1] Defendant Root Insurance Co. allegedly provided uninsured motorist coverage to Kuper and Victor. Compl. ¶ 21.

2 – OPINION & ORDER

Now, Plaintiff moves for summary judgment on all claims against the remaining defendant, Root Insurance. Plaintiff also moves for default judgment against the defaulted defendants. Root Insurance does not oppose either motion and did not file a response. Pl.'s Mot. 1. This opinion and order addresses each motion in turn, starting with Plaintiff's unopposed motion for summary judgment. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (explaining that "a default entered against an insured policyholder, Mendez, should not prevent a [potentially] injured third party from proceeding"); *see generally* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2690 (4th ed.) ("As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

## STANDARDS

**I.    Summary Judgment**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28

(9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324). When a motion for summary judgment is unopposed, the Court may not enter judgment for the moving party on that basis alone but instead must evaluate its merits. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (explaining that a district court errs by "grant[ing] a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact").

## II. Default Judgment

When, under Federal Rule of Civil Procedure 55, an order of default has been entered against a defendant who fails to appear or otherwise defend, the Court may enter a default judgment against the defendant, but such judgments are ordinarily disfavored. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("Our starting point is the general rule that default judgments are ordinarily disfavored . . . . [and] [c]ases should be decided upon their merits whenever reasonably possible."(internal citation and quotation marks omitted)). To decide whether default judgment is appropriate, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*

**DISCUSSION**

**I.     Summary Judgment**

    A.     Undisputed material facts

On April 3, 2020, Defendant Crane-Behymer rear-ended a stopped vehicle, causing injuries to the stopped vehicle's driver, Defendant Kuper, and his passenger, Defendant Victor. Burgott Decl., Ex. 1, ¶ 7. Crane-Behymer was driving a 1990 Ford F-150 pickup truck, VIN 2FTEF14Y5LCA30523. Burgott Decl., Ex. 2. Defendant Witt owned or registered the truck, and he had allowed Crane-Behymer to drive it. Burgott Decl., Ex. 1, ¶¶ 10, 28(a), 32.

At the time of the accident, Defendant Witt had liability coverage through Plaintiff Viking Insurance Co. His policy, No. 374699711 (the Policy), covered two trucks: a 1995 Chevy and a 1997 Ford. Kautzer Decl., Ex. 1. His policy did not cover the 1990 Ford F-150 driven by Crane-Behymer. Witt had insured the 1990 Ford under a previous policy, but he removed it in late 2019—well before Crane-Behymer's accident. Kautzer Decl., Ex. 2 (policy including the 1990 Ford), Ex. 3 (policy excluding the 1990 Ford).

The Policy at the time of the accident stated:

> We will pay damages for which any insured person is legally liable because of bodily injury and/or property damage caused by a car accident. The car accident must have arisen out of the ownership, upkeep or use of a car. We will settle any claim or defend any lawsuit which is payable under the policy as we deem appropriate.

Kautzer Decl., Ex. 1. It defined an "insured person" as (1) You (i.e., Defendant Witt); (2) a relative; (3) any person using your insured car. Those terms were further defined:

> "You" and "your" mean the person(s) shown as the Named Insured on your Declarations Page. You and your also means that person's spouse if residing in the same household.
>
> "Relative" means a person living in your household. This person must be related to you by blood, marriage, domestic partnership, or

5 – OPINION & ORDER

> adoption. Relative includes a ward, foster child or a minor under your guardianship who lives in your household. Your unmarried dependent children living temporarily away from home qualify as a relative only if they intend to continue to live in your household.

Kautzer Decl., Ex. 1. The policy also defined another key term, "your insured car":

> "Your insured car" means all of the following.
>
> (A) Any car described on your Declarations Page, for which a premium charge is shown.
>
> (B) Any car that permanently replaces a car described on your Declarations Page during the policy period. With respect to coverage under Parts I, II and III of this policy, the replacement car will be afforded the same coverage as the car it replaces. Coverage will apply as of the date you acquire the car, but only if you ask us to insure it within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the replacement car as of the date you acquire the car only if you expressly ask for it within three (3) days of its acquisition. We must also agree to provide the coverage before it will apply. In all other cases, any coverage you request will apply no earlier than the date and time you contact us to request it and we agree.
>
> (C) Any additional car you acquire ownership of during the policy period that does not permanently replace a car described on your Declarations Page, but only if we insure all other cars you own. With respect to coverage under Parts I, II and III of this policy, the additional car will be afforded the same coverage as any other car described on your Declarations Page. Coverage will apply as of the date you acquire the car, but only if you ask us within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the additional car as of the date you acquire the car only if you expressly ask for it within three (3) days of its acquisition. We must also agree to provide the coverage before it will apply. In all other cases, any coverage you request will apply no earlier than the date and time you contact us to request it and we agree.
>
> (D) Any car not owned by you while being used temporarily by you or a relative. The use must be with the owner's permission. The car must be a substitute for a vehicle described on your Declarations Page which is withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. This provision applies only to coverages provided in Parts I, II and III of this policy.

B.      Duty to defend and indemnify under Oregon law

"State law determines the court's interpretation of insurance policy and an insurer's duty to defend and indemnify." *Esurance Ins. Co. v. Hamm*, 387 F. Supp. 3d 1134, 1137 (D. Or. 2019); *see also Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1044 (9th Cir. 2021). Under Oregon law, the duty to defend is distinct from, and broader than, the duty to indemnify. *See Hamm,* 387 F. Supp. 3d at 1138–39. But both duties turn on terms of the policy. *Id.* For the duty to defend, the question is whether "the court can reasonably interpret the allegations to include an incident or injury that falls within the coverage of the policy." *W. Hills Dev. Co. v. Chartis Claims, Inc.*, 360 Or. 650, 665, 385 P.3d 1053, 1061 (2016). When the court must determine whether the policy covers a certain individual, the court may look beyond the four corners of the policy and the complaint to extrinsic evidence. *See id.*; *see also Hamm*, 387 F. Supp. 3d at 1138–39.

For the duty to indemnify, the issue is whether the policy covers the insured party's liability. *Ledford v. Gutoski*, 319 Or. 397, 403, 877 P.2d 80, 84 (1994). Obviously, if an individual is not an insured party or otherwise covered by the policy, there is no duty to indemnify.

Here, Plaintiff Viking Insurance Co. argues that neither Defendant Crane-Behymer nor the 1990 Ford he was driving are covered by Defendant Witt's Policy. Looking to the Policy and the undisputed record, this Court agrees. There is no evidence that Crane-Behymer is an insured person under the Policy; he is not named on the Policy nor is there evidence that he is a relative of the named insured, Witt. Kautzer Decl., Ex. 1, p. 1–2. So, for the Policy to protect Crane-Behymer, it must cover the 1990 Ford F-150 he was driving. It does not. That vehicle was

7 – OPINION & ORDER

removed from an old policy months before the accident, and it is not listed on the Policy that was in place at the time of the accident. Kautzer Decl., Ex. 2 (policy including the 1990 Ford), Ex. 3 (policy excluding the 1990 Ford). Also, there is no evidence that the 1990 Ford falls within one of the substitute vehicle categories described in the Policy. In sum, there is no evidence that the Policy covers Crane-Behymer. Indeed, the only non-defaulted Defendant, Root Insurance, does not contest Plaintiff's motion for summary judgment and does not argue that either Crane-Behymer or the 1990 Ford are covered under Witt's policy. Accordingly, for the reasons described above, the Court concludes that there is no genuine dispute of material fact and that Plaintiff is entitled to judgment as a matter of law. Plaintiff owes no duty to defend Crane-Behymer in the underlying lawsuit, and it has no duty to indemnify Crane-Behymer for any liability he incurs in connection with that suit.

## II.      Default Judgment

Turning to Plaintiff's motion for default judgment against Defendants Crane-Behymer, Witt, Kuper, and Victor, the Court finds that the relevant factors weigh in favor of default judgment.

*Possibility of Prejudice*. Without a default judgment against the defaulted defendants, any declaration will not bind all the parties. In other words, even though the Court granted summary judgment in Plaintiff's favor against Root, that decision alone would not prevent the defaulted defendants from arguing the Policy covers Crane-Behymer. This would prejudice Plaintiff. Thus, this factor weighs in favor of default judgment

*Merits of Plaintiff's Claim*. The Court considered the merits of Plaintiff's claim above. Because there is no evidence that Plaintiff's claim lacks merit—quite the opposite, as even the remaining Defendant Root agrees—this factor weighs in favor of default judgment.

8 – OPINION & ORDER

*Sufficiency of Complaint.* Plaintiff's complaint clearly and succinctly apprised the defaulting defendants of the nature of this case and what would be at issue. It included the terms of the Policy and detailed the underlying accident. This factor weighs in favor of default judgment.

*Money at Stake.* Plaintiff seeks only declaratory relief—not damages. Additionally, Plaintiff stated that it will not seek attorney fees, costs, or disbursements in connection with this action. Pl.'s Mot. for Default Judgment 8. Although the declaratory judgment may subject Crane-Behymer to increased costs and liability in the underlying lawsuit, that result flows from the Court's decision on the merits. This factor also weighs in favor of default judgment.

*Possibility of Dispute Concerning Material Facts.* Here, there are only two key facts: was Crane-Behymer, or the 1990 Ford, insured under the Viking policy at the time of the accident. The defaulting defendants have made no effort to contest or support either proposition, and the Court discerns no reasonable grounds for dispute in the record. Continuing the trend, this factor too weighs in favor of default judgment.

*Excusable Neglect.* The Court entered an order of default against the defaulting defendants more than six months ago, and they were served or waived service months before that, yet the defaulting defendants have still failed to appear and offer any excuse for their neglect. This factor weighs in favor of default judgment.

*Merits Decisions Good.* Although the Federal Rules of Civil Procedure reflect the strong policy in favor of a decision on the merits, such a decision on the merits is impossible where the defendant takes no part in the action. And here, at least, the Court evaluated the merits when considering Plaintiff's motion for summary judgment against Root. Thus, this factor is neutral.

Because six out of the seven factors weigh in favor of default judgment, the Court will exercise its discretion and enter a default judgment against Defendants Crane-Behymer, Witt, Kuper, and Victor. Plaintiff's motion is granted.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion for summary judgment against Defendant Root Insurance, and the Court GRANTS Plaintiff's motion for default judgment against the defaulting defendants. The parties shall confer and submit a proposed judgment within seven days of this opinion and order.

IT IS SO ORDERED.

DATED: February 1, 2022.

_____
MARCO A. HERNÁNDEZ
United States District Judge